## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**WESLEY AND DEBRA KELLY, ET AL**

**VERSUS**

**SCOTTSDALE INSURANCE, CO.**

**CIVIL ACTION**

**No. 08-651-JJB**

*********************************************************************************

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion (doc. 22) by defendant Scottsdale Insurance Company to dismiss, which has been converted to a motion for summary judgment. Plaintiff and intervenor have filed oppositions. Jurisdiction is based upon 28 U.S.C. 1332.

On February 15, 2008, while within the course and scope of his employment, plaintiff Wesley Kelly was driving a vehicle leased by his employer L.F.I., Fort Pierce, Inc. ("L.F.I.") when he was struck by another vehicle. The collision resulted in serious injuries to the plaintiff. L.F.I. has liability and uninsured motorist coverage with Scottsdale Insurance Company ("Scottsdale") for company vehicles. It is undisputed that the vehicle driven by plaintiff was covered by Scottsdale's policy.

L.F.I. intervened to recover workers' compensation benefits it has paid or will pay as a result of the accident.[1] L.F.I. claims that it is subrogated to plaintiff's rights to recover damages from Scottsdale. In its motion, Scottsdale contends that plaintiff has no right of recovery against it for damages compensated by L.F.I.

---

[1] CFI has paid $30, 492.98 in benefits.

A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim. Fed. Rule Civ. P. 56(b). Summary judgment sought should be rendered if the pleadings, the discovery, any disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. Rule Civ. P. 56(c).

The salient issue is whether L.F.I. and Scottsdale are solidary obligors, in which case, Scottsdale would be relieved of liability to plaintiff as a result of performance by L.F.I. Consequently, the intervention, which asserts reimbursement/subrogation claims for amounts paid by L.F.I. to plaintiff, would fail on its face.

It is well established that a solidary obligation exists when the obligors (1) are obliged to do the same thing, (2) so that each may be compelled for the whole, and (3) when payment by one exonerates the other from liability. *Bellard v. American Central Insurance Co.*, 980 So.2d 654, 663-67 (La. 2008). In *Bellard*, the Louisiana Supreme Court specifically found an automobile insurer and a workers' compensation carrier to be solidary obligors. *Id*. at 663.

Nonetheless, L.F.I. argues that Scottsdale and L.F.I. are not solidary obligors because L.F.I. is liable only for reasonable and necessary medical expenses and a limited amount of indemnity benefits while Scottsdale is accountable for the entire amount claimed by the plaintiff as a result of the accident.

L.F.I.'s contention is contrary to Louisiana law. Solidarity is not defeated simply because the obligation of each obligor derives from a different source. La. Civ. Code art. 1794. Likewise, the fact that the obligors are liable for different elements of damages does not preclude

solidary liability. *Narcisse v. Central Gulf Railroad Co.*, 427 So.2d 1192, 1195 (La. 1983).[2]  In *Bellard*, 980 So.2d at 666, the Court held that the court of appeal erred in holding that the workers' compensation and uninsured motorist carriers were not solidary obligors because the elements of damages to be compensated by the two insurers were not identical.

The court finds that differing amounts of liability does not defeat the solidary obligation between L.F.I. and Scottsdale.  Solidary liability exists because Scottsdale and L.F.I. share coextensive obligations to the plaintiff. *Id*. at 664.

When a solidary obligation exists, payment by one obligor exonerates the other from liability to the creditor. La. Civ. Code art. 1794.  L.F.I. argues that an uninsured motorist carrier may claim exoneration due to payment by a worker's compensation carrier only if the uninsured motorist policy contains a valid exclusion for coverage for the direct or indirect benefit of any insurer or self-insurer under workers' compensation law.  In 1995, the Louisiana Supreme Court in *Traveler's Insurance Co. v. Joseph*, 656 So.2d 1000 found that an exclusion for reimbursement was valid.  It did not hold that such a provision was a prerequisite to claim exoneration due to payment of workers' compensation benefits.

In 2008, the Louisiana Supreme Court in *Bellard*, 980 So.2d at 671 allowed an employer's uninsured motorist carrier a credit for workers' compensation benefits paid by the employer's workers' compensation insurer.  This decision was reached based upon general

---

[2] L.F.I. makes brief reference in its memorandum to the rules of contribution between solidary obligors.  A party sued on a solidary obligation may seek to enforce contribution against against any solidary co-obligor for his virile portion. La. Civ. Code art. 1804.  L.F.I.'s intervention merely seeks reimbursement/subrogation vis-a-vis the plaintiff.  The court makes no determination as to whether L.F.I. has any right of contribution or the amount of the virile share.

principles of solidary liability.[3]  *Id.*  The court did not engage in any discussion of the policy terms.

In 2009, the Louisiana Supreme Court in *Cutsinger v. Redfern*, 12 So.3d, 945, 950 (La. 2009) reviewed an uninsured motorist policy which stated that coverage would be reduced by any worker's compensation benefits received by the insured.  The Court found that such policy language allowing the uninsured motorist carrier to reduce coverage was consistent with the principle of solidarity.

In the case at hand, the court determines that a solidary obligation exists between Scottsdale and L.F.I. based upon general principles of solidarity.  The fact that there is no exclusion does not preclude a finding of solidarity.  Indeed, the lack of an exclusion increases the amounts for which Scottsdale and L.F.I. are coextensively liable to the plaintiff.

The final argument raised by L.F.I. invokes the collateral source rule.  The Louisiana Supreme Court has held that two considerations should guide courts when applying the collateral source rule: (1) whether application of the rule will further the major policy goal of tort deterrence; and (2) whether the victim, by having a collateral source available as a source of recovery, either paid for such benefit or suffered some diminution in his patrimony because of the availability of the benefit such that no actual double recovery would result from application of the rule.  *Cutsinger*, 12 So.3d at 953.  In *Cutsinger*, the Louisiana Supreme Court held that application of the collateral source rule does not override the principles of solidary liability.  *Id*.

If the collateral source rule applies, the plaintiff is entitled to recover the same damages from both L.F.I. and Scottsdale.  *Bellard*, 980 So.2d at 663.  The Louisiana Supreme Court has

---

[3] See *Moloney v. U.S. Services Automobile Assoc.*, 683 So.2d 891 (La. App. 4th Cir. 1996), reaching the same result.

held that the rule has no application in cases where the plaintiff is injured in the course and scope of his employment at the hands of a third party tortfeasor and the employer is without fault. *Cutsinger*, 12 So.3d at 953.

The court first considers whether application of the collateral source rule will serve the goal of tort deterrence. In both *Cutsinger* and the case at hand, the uninsured motorist carrier and not the tortfeasor sought a credit for workers' compensation paid to the plaintiff. The Louisiana Supreme Court in *Cutsinger* held that because neither the tortfeasor nor her insurer sought a reduction of damages or would benefit from the credit, application of the collateral source rule would not serve the goal of tort deterrence. *Cutsinger*, 12 So.3d at 953. Similarly, this court holds that the goal will not be served in the instant case.

Secondly, the Court considers whether the plaintiff either paid for such benefit or suffered some diminution in his patrimony because of the availability of the benefit so that double recovery does not result from application of the rule. *Cutsinger*, 12 So.3d at 953. In *Cutsinger*, the Louisiana Supreme Court held that the plaintiff did not suffer diminution in his patrimony in obtaining worker's compensation benefits because the law requires employers to provide such benefits to their employees at no cost. *Id*. at 954. Unlike the instant case, the employee in *Cutsinger* obtained his own uninsured motorist coverage. *Id*. However, the court concluded that:

> We cannot say that she paid for uninsured motorist coverage to compensate her for benefits such as lost wages and medical payments previously paid by her employer's worker's compensation insurer because her uninsured motorist policy contained language reducing coverage for such benefits. *Id*. at 954-955.

The plaintiff in the instant case has a weaker argument that the collateral source rule should apply than the unsuccessful plaintiff in *Cutsinger* because the uninsured motorist coverage was provided by his employer and was not personally obtained.  Because the goal of tort deterrence will not be served and the plaintiff has suffered no diminution in patrimony in obtaining workers' compensation benefits, the court concludes that the collateral source rule should not be applied to negate the solidary relationship which exists between the employer and the uninsured motorist carrier.

In conclusion, plaintiff may not recover from Scottsdale any amounts that have been compensated by L.F.I.  Therefore, L.F.I.'s claim for reimbursement/subrogation through plaintiff fails on its face.  The court makes no determination as to any right L.F.I. may have relative to workers' compensation owed in the future or any right it may have to seek contribution against Scottsdale for a virile share.

Accordingly, the motion (doc. 22) for summary judgment is hereby GRANTED to the extent provided herein.

Signed in Baton Rouge, Louisiana, the twenty-second date of June, 2010

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**